Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Isaac Jones*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISAAC JONES**<br><br>Plaintiff,<br><br>v.<br><br>**ACCURATE BACKGROUND, INC.**<br><br>Defendant. | CIVIL ACTION NO. 8:17-CV-1738<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

### PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Isaac Jones, against Defendant Accurate Background, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Isaac Jones is an adult individual residing in Houston, TX.

5. Defendant Accurate Background, Inc., ("ABI") is a consumer reporting agency that regularly conducts business in the Central District of California and which has its headquarters and a principal place of business located at 7515 Irvine Center Drive, Irvine, CA.

## FACTUAL ALLEGATIONS

6. In or around November 2016, Plaintiff applied for a position with Amazon.com, Inc. ("Amazon").

7. As part of his job application, Plaintiff signed a document purportedly authorizing Amazon to obtain a consumer report for employment purposes.

8. Amazon requested a consumer report from ABI, and ABI sold to Amazon a consumer report concerning the Plaintiff on or around November 28, 2016.

9. The report furnished by ABI was for employment purposes.

10. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Amazon.

11. Defendant ABI has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12. The inaccurate information includes, but is not limited to, a record of a felony criminal conviction. Plaintiff is not a convicted felon.

13. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

14. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

15. Plaintiff received no notification from ABI that public record information had been reported about him, and ABI did not notify Plaintiff of the name and address of the person to whom such information was reported.

16. Upon information and belief, the Plaintiff alleges that ABI never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C § 1681k(a)(1).

17. Additionally, ABI does not maintain strict procedures designed to ensure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2) and Cal. Civ. Code § 1785.18(b). If ABI had maintained such procedures it would not have falsely reported a felony criminal conviction when in fact, Plaintiff has no such conviction.

18. Plaintiff was subsequently denied or delayed employment at Amazon and Plaintiff was informed by Amazon that the basis for this delay was the inaccurate criminal information that appears on Plaintiff's ABI consumer report and that the inaccurate information was a substantial factor for the delay.

19. Here, Amazon used the ABI report in its determination about Plaintiff's eligibility for employment and on or around December 22, 2016, Amazon deemed that the Plaintiff was ineligible for his desired position due to the inaccurate information contained in the report.

COMPLAINT AND JURY DEMAND

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost or delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, ABI was a "person" and a "consumer reporting agency" and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, ABI is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681k(a).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant

is liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**TATAR LAW FIRM, APC**

BY: _____

Stephanie Tatar

Attorney for Plaintiff

DATE: 10-5-17